# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br><br>vs.<br><br>CESAR VARGAS REYES,<br><br>                                    Defendant. | Criminal Case No. 11cr465-MMA<br><br>[Related Civil Case No. 12cv1091-MMA]<br><br>**ORDER SUMMARILY DISMISSING DEFENDANT'S MOTION TO VACATE UNDER 28 U.S.C. § 2255**<br><br>[Doc. No. 26] |

Defendant Cesar Vargas Reyes, proceeding *pro se*, moves to vacate and correct his sentence pursuant to Title 28 of the United States Code, section 2255. Defendant argues that his counsel was ineffective for failing to object to a sixteen level increase to his base offense level due to a prior drug trafficking conviction. Defendant also argues that he is entitled to relief for post conviction rehabilitation. For the following reasons, the Court summarily **DISMISSES** the motion.

///
///
///
///
///
///

## BACKGROUND

On June 2, 2011, Defendant pleaded guilty to a single felony count of being a deported alien found in the United States, in violation of Title 8 of the United States Code, sections 1326(a) and (b). *See* Doc. No. 15. The plea agreement provided that the parties would jointly recommend a base offense level of 8, a sixteen level increase for a prior aggravated felony conviction, a three level decrease for acceptance of responsibility, and a two level decrease for fast track disposition, amounting to a total offense level of 19.[1] The government agreed to recommend a sentence at the low end of the applicable guideline range. The parties made no agreement as to Defendant's criminal history category. The plea agreement provided:

> In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the guilty plea, conviction and sentence, including any restitution order, unless the Court imposes a custodial sentence above the greater of the high end of the guideline range recommended by the Government pursuant to this. agreement at the time of sentencing or statutory mandatory minimum term, if applicable.

*See id.* at 3.

Subsequent to the June 2, 2011 plea colloquy, Magistrate Judge Bernard G. Skomal issued findings that Defendant understood he was giving up his rights to appeal and to collateral attack, and that he otherwise understood the plea agreement in its entirety. *See* Doc. No. 16. Judge Skomal further found that Defendant was competent to enter the plea and that he gave a "knowing and intelligent waiver of each [of his] rights . . . ." *Id.* On October 3, 2011, this Court accepted Defendant's guilty plea and sentenced Defendant to 41 months in prison, followed by a three year term of supervised release. *See* Doc. No. 25. Defendant waived his appeal rights. *See* Doc. No. 24.

Defendant now moves to vacate and correct his sentence under 28 U.S.C. § 2255. Defendant raises two grounds for relief: (1) he received ineffective assistance of counsel because counsel failed to object to the sixteen level increase to his base offense level; and (2) he is entitled to a relief due to

---

[1] Defendant was previously deported after sustaining a felony drug trafficking conviction with a sentence that exceeded thirteen months. Thus, pursuant to U.S.S.G. § 2L1.2(b)(1)(A), sixteen levels were added to his base offense level. Specifically, Defendant was deported on April 17, 2006, which was subsequent to his November 10, 2004 conviction in Santa Clara County Superior Court, for a felony charge of Possession/Purchase for Sale of a Narcotic Controlled Substance, to wit: heroin, in violation of Cal. H & S § 11351, for which he received a three-year state prison sentence.

1 post conviction rehabilitation.

## DISCUSSION

Section 2255 provides, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). If a defendant's motion, file, and records "conclusively show that the movant is entitled to no relief," the Court summarily may dismiss the motion without sending it to the United States Attorney for response. *See* 28 U.S.C. § 2255(b). The rules regarding Section 2255 proceedings similarly state that the Court summarily may order dismissal of a 2255 motion without service upon the United States Attorney only "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . .". Rule 4(a), RULES-SECTION 2255 PROCEEDINGS (West 2009).[2] Thus, when a defendant fails to state a claim upon which relief can be granted, or when the motion is incredible or patently frivolous, the district court may summarily dismiss the motion. *Cf. United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989); *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985).

**A.  Defendant Waived His Right to Collateral Attack**

*1.  Legal Standard*

The Ninth Circuit regularly enforces knowing and voluntary waivers of appellate rights in criminal cases where the waivers are part of negotiated guilty pleas and do not violate public policy. *United States v. Anglin*, 215 F.3d 1064, 1066 (9th Cir. 2000). "The sole test of a waiver's validity is whether it was made knowingly and voluntarily." *Id*. at 1068 (citing *United States v. Michlin*, 34 F.3d 896, 898 (9th Cir. 1994)). If a waiver of appellate rights was made knowingly and voluntarily, inquiry into the waiver's validity must end. *United States v. Nguyen*, 235 F.3d 1179, 1182 (9th Cir.

---

[2] Similarly, a court deciding a motion under 28 U.S.C. § 2255 is not required to hold an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "Mere conclusory statements by the petitioner do not justify a hearing." *Baumann v. United States*, 692 F.2d 565, 571 (1982). Instead, a defendant must make "specific factual allegations which, if true, would entitle him to relief." *Id.* As discussed below, Defendant has failed to allege sufficient facts showing a possible right to relief. Therefore, an evidentiary hearing is not warranted in this case.

2000). A valid waiver bars a defendant from challenging his conviction and sentence. *Id*. The Ninth Circuit, however, has indicated that exceptions to this rule may exist in limited circumstances, including where a 2255 motion challenges a plea agreement's validity by way of an ineffective assistance of counsel claim. *Washington v. Lampert*, 422 F.3d 864, 870-71 (9th Cir. 2005).

  *2. Analysis*

  Defendant knowingly and voluntarily waived his right to appeal and collateral attack in his plea agreement. Defendant initialed each page of the plea agreement and indicated during both the plea colloquy and the sentencing hearing that he understood he was waiving these rights. Defendant does not challenge the knowing and voluntary nature of his waiver in his motion.

  In addition, the plea agreement's language clearly embraces a waiver of any collateral attack on Defendant's sentence, including a 2255 motion. *See United States v. Schuman*, 127 F.3d 815, 817 (9th Cir. 1997) (per curiam) (finding that defendant waived his right to appeal an incorrect application of Sentencing Guidelines even though the plea agreement did not specifically mention this right; to find otherwise "would render the waiver meaningless"). The record reflects that Defendant's waiver was knowing and voluntary. Accordingly, the Court concludes that Defendant validly waived his right to collaterally attack his sentence. *Nguyen*, 235 F.3d at 1182.

**B. Defendant's Motion Is Without Merit**

  *1. Legal Standard*

  Even if Defendant did not validly waive his right to collaterally attack his sentence, his ineffective assistance of counsel claim fails on the merits. To prevail on an ineffective assistance of counsel claim, a defendant must demonstrate that (1) counsel's performance was deficient; and (2) counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U. S. 668, 687 (1984). To establish prejudice, a Defendant must demonstrate that counsel's representation fell below an "objective standard of reasonableness" and that, but for counsel's errors, there is a reasonable probability that the result of the proceeding would have been different. *Id*. at 694. There is, however, a "strong presumption that counsel's conduct falls within the wide range of acceptable professional assistance." *Id.* at 689.

///

*2. Analysis*

Defendant alleges his counsel was ineffective for failing to object to the sixteen level increase to his base offense level due to his 2004 conviction for possessing heroin for sale. Defendant contends that this prior felony conviction should not have been considered "aggravated," and therefore counsel should have objected to the increase on this basis. Defendant's claim fails. Title 8 of the United States Code, section 1101(a)(43) defines the term "aggravated felony" to mean "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)." His prior conviction qualifies as an aggravated felony. *See Rendon v. Mukasey*, 520 F.3d 967, 976 (9th Cir. 2008) ("[P]ossession of a controlled substance with the intent to sell contains a trafficking element and is an aggravated felony."). Thus, his counsel was not ineffective for failing to argue to the contrary.

Furthermore, according to the record, Defendant admitted in his plea agreement that he was previously convicted of a felony that is a drug trafficking offense within the meaning of U.S.S.G. § 2L1.2(b)(1)(A), and that a sixteen level increase to his base offense level was appropriate based upon this prior conviction for possessing heroin for sale. *See* Doc. No. 15. Defendant does not challenge the validity of his plea agreement.[3]

Finally, Defendant appears to assert that he is entitled to a post conviction downward departure for his post conviction conduct in rehabilitating himself while in prison. However, post-sentencing rehabilitative efforts, even if exceptional, may not be considered by a court when sentencing a defendant. *See* U.S.S.G. § 5K2.19 ("Post-sentencing rehabilitative efforts, even if exceptional, undertaken by a defendant after imposition of a term of imprisonment for the instant offense are not an appropriate basis for a downward departure when resentencing the defendant for that offense."). Rather, such efforts may be a basis for early termination of supervised release. *Id*. The Court may not reduce Defendant's previously imposed sentence based on his post-judgment accomplishments, no matter how admirable those accomplishments might be.

---

[3] In addition, the Court notes that counsel submitted a thorough sentencing memorandum, in which he argued for a reasonable sentence in consideration of the factors set forth in Section 3553(a) of Title 18. Counsel ultimately secured a 41-month sentence for his client, even though Defendant's exposure was considerably higher under the applicable guideline range of 63 to 78 months. *See* Doc. No. 19.

## CONCLUSION

Based on the foregoing reasons, the Court summarily **DISMISSES** Defendant's Motion to Vacate Under 28 U.S.C. § 2255 [Doc. No. 26]. Defendant has not made a substantial showing of the denial of a constitutional right, and accordingly, the Court does not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c).

**IT IS SO ORDERED**.

DATED: May 4, 2012

Hon. Michael M. Anello
United States District Judge